Thomas J. Lane *v.* Geo. E. Jones *et al.*

1. Partnership. *Prior equity of partner. Dissolved firm.* A partner in a dissolved firm has a lien on partnership realty for the amount due him on general settlement of the partnership account, superior to the execution lien of post-dissolution creditors of another member of the firm, though it had been dissolved for five years, and the title stood in the name of the individual members of the firm.

2. Same. *Failure of Settlement.* And this lien will prevail when there was a parol agreement of partial settlement, by which the other members were to convey the realty to the creditor member of the firm, but failed to complete the conveyance.

3. Same. *Extent of partnership account.* This lien extends not only to indebtedness arising from inequality of capital contributed, but also of personal account with the firm.

4. Transfer to Federal Court. *Amount involved.* Two non-resident defendants, whose several claims, each less than $500, are enjoined in the same suit, cannot, by assignment of one to the other pending the suit, unite them in one, and thus obtain the right to a transfer of the cause to the Federal Court on the ground that the amount involved between complainant and one of them is over $500.

FROM GREENE.

Appeal from the Chancery Court at Greeneville. E. C. Reeves, Sp. Ch.

H. H. Ingersoll for complainant.

Robert M. McKee for defendants.

Freeman, J., delivered the opinion of the court.

This bill is filed to enjoin the sale of a store-house and lot, and to assert a superior equity of complain-

ant to the same on substantially the following state of facts:

In 1865, complainant, with Jones and Marsh, went into the mercantile business in the town of Greeneville, under the style of Jones, Marsh & Co. Complainant put in as his capital the lot on which the store now stands, at $1,200, and $1,000 in cash. The others paid their capital probably in cash—the capital being $4,400. The firm continued in business until 1875, when it was dissolved by mutual consent. Jones and Marsh took the stock of goods valued at $4,000. Complainant was to have the store-house. The assets of the firm being left under control of the other members to collect and pay debts. These assets amounted to about $9,000 in notes, accounts and judgments, of which $5,000 was estimated good. The debts amounted to between $1,500 and $2,000. It is charged that on the dissolution, the other two partners owed the complainant about $3,000, arising out of differences in their accounts with the firm—they both having families to support, and complainant not.

The firm has never been settled up as appears, nor was there any further adjustment of its matters, than as stated, except an agreement that the other two should convey and release their interest in the store-house and lot, to complainant. They are shown to have prepared a deed for this purpose, which was signed by the parties, but never delivered—and Marsh dying, probably in a year after the dissolution, the deed cannot now be effectuated, and so this arrangement has failed.

Having failed to get the title, the property has been levied upon for the individual debts of the other parties, that is on what is claimed as their undivided share.   To enjoin this sale, and have an account ascertaining the amount due the complainant as partner, and assert his superior lien on this property is the object of this bill.

There is no question that the property was partnership realty—so treated by the parties, and bought for this purpose.

Assuming the partnership to have been simply dissolved, and the transaction not to have been a sale of a partner's interest, and that the partnership account is still unsettled, there can be no question the complainant has the right to have the partnership account taken, and the balance due him from the other partners ascertained, if any.

We take it to be settled, too, that each partner has a lien on all the partnership property on dissolution, for settlement of any balances found due on taking the partnership account, and this is superior to the right of a creditor of any individual member of the firm:   2 Head, 84.

The agreement by which this property was to be conveyed having failed, it stood precisely as it stood before the agreement, as partnership property, and subject to partnership liabilities, burdened with partnership liabilities.

This being so, it follows, that the partnership account must be taken—balance ascertained—and any sum found due complainant is a prior lien on this prop-

erty, and the creditors of the individual member can only take any surplus that may be found due their debtor.

The chancellor erred 'in confining the account to capital put in by the parties. The whole account must be taken in order to ascertain net balances.

On or about the time of the hearing, after the case had been remanded from this court, an appeal from the decree of the chancellor overruling a demurrer, a petition was filed to transfer the case of one of the petitioners to the Circuit Court of the United States.

The debt of the petitioner claimed in the pleadings, was something over $300, but there was another creditor defendant, who is stated in the petition to have assigned his judgment a month before, to the petitioner, the two debts making over $500. The chancellor refused to transfer, and we think correctly. The Federal courts can take jurisdiction of claims of $500, or over, exclusive of costs. Complainant's claim on the record can alone be looked to to ascertain this fact, and not rights obtained after the commencement of the suit. The claim of the other party still stands on the record in his own name: See Jurisdiction U. S. Courts, by Curtis, 124, 125.

This being so, it follows, the Federal courts had no jurisdiction of the sum claimed by the party on the record, and the case was not one where there was shown a right to the transfer sought.

The chancellor's decree will be modified as indicated, and case remanded to be proceeded in according to this opinion. Costs paid by respondents.